# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LIFE PLANS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ING U.S., INC., <br><br> Defendant. | No. 13 C 7864 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Life Plans, Inc. ("LPI"), a family-owned Illinois corporation and licensed insurance agent, filed a complaint against Defendant ING U.S., Inc. ("ING") for tortious interference with a contract and, in the alternative, for breach of contract. Currently before the Court is Defendant's motion to dismiss Plaintiff's Complaint and, in the alternative, move for summary judgment.

LPI created an insurance program, the Arbitrage Life Payment System ("A.L.P.S.") through which it was able to obtain universal life insurance at dramatically reduced rates. Around 2008, LPI began working with Security Life of Denver Insurance Company ("SLD"), a wholly owned subsidiary of ING, to develop and market an insurance policy that meets the requirements of the A.L.P.S. program. On June 7, 2011, after two years of negotiations, LPI and SLD entered into a contract, the Joint Cooperation Agreement ("JCA"), to govern their relationship. LPI and SLD both began and continued performing under the JCA until September 2011, at which time SLD reversed course and refused to perform. Shortly thereafter, SLD's Senior Vice President Craig Umphress called LPI and left a voicemail stating that ING had forced SLD not to perform the JCA.

1

Subsequently, LPI sued SLD for breach of the JCA and the implied covenant of good faith and fair dealing in the Circuit Court of Cook County; that action was then moved to federal court and assigned to Judge Guzmán on November 28, 2011.  On August 2, 2012, Judge Guzmán denied Plaintiff's request to amend its complaint to add claims against ING.  On August 18, 2013, after almost two years of litigation, Judge Guzmán granted summary judgment in favor of Defendant, holding that the "notice of termination was provided pursuant to the express terms of the JCA and there is no evidence that SLD repudiated the contract."  *See* Case No. 11-cv-8449, Docket No. 81.  The court held that the processing of applications was not a condition precedent to SLD's terminating the contract, and noted that whether or not an independent breach of contract claim existed against SLD solely for an alleged failure to complete processing of "all applications received prior to notice of termination" was not discussed by the parties.  *Id*. at p. 4.

LPI filed a motion to alter or amend the Court's judgment in the prior action.  Judge Guzman denied Plaintiff's motion to alter or amend the Court's judgment on January 29, 2014, affirming its prior decision that the parties did not discuss whether SLD's failure to process certain applications was an independent breach of contract in any summary judgment papers and rejecting "LPI's attempt to turn its rebuttal of SLD's termination argument with respect to the breach of contract claim into an affirmative basis for relief."  Case No. 11-cv-8449, Docket No. 95, p. 2.  Plaintiff's appeal to the Seventh Circuit is pending.

Defendant now seeks to dismiss Plaintiff's Complaint on the basis that the central issue of this case—whether the JCA was breached—was previously litigated and decided in a prior action.  Defendant maintains that Judge Guzman's decision that there SLD did not breach the JCA should be given preclusive effect.  Plaintiff, relying on Judge Guzman's prior ruling, argues

2

that LPI has an independent breach of contract claim that has not yet been litigated and is not precluded in the present action.

Under Illinois law a party may "use issue preclusion defensively to bar the assertion of claims that previously have been raised by and decided against the same party who is asserting those claims in the current action." *Asllani v. Bd. of Education of the City of Chicago*, 845 F.Supp. 1209, 1216 (N.D.Ill. 1994) (quoting *Charles Koen & Associates v. City of Cairo*, 909 F.2d 992, 999 (7th Cir.1990)). For collateral estoppel to apply to preclude the litigation of an issue, the previous litigation must meet the following four requirements: (1) the issue must be the same as the issue in the present litigation; (2) the issue must have been actually litigated; (3) the issue must have been essential to the final judgment; and (4) the party who is precluded from litigating the issue must have been fully represented in the prior action. *Fyrentics (Hong Kong) Ltd. v. Quantum Group, Inc.*, No. 03 C 124, 2003 WL 21403554, at *2 (N.D. Ill. June 17, 2001).

There is no question that the issue of whether the JCA was breached by SLD's termination of the contract was litigated extensively and that Plaintiff has been fully represented in the prior action by a team of attorneys for over two years, including on appeal of the issue. The main question, then, is the central issue in both proceedings.

The present case centers on allegations that ING, as parent company to SLD, engaged in tortious interference by encouraging SLD to breach the JCA, and, alternatively, breached the JCA, by refusing to accept premiums, process pending applications, issue Peak Policies, and pay LPI its compensation, both prior to and after the termination of the JCA. The judgment in the previous case held that the JCA was not breached by SLD because it was done according to the termination provision, which does not require the processing of applications before issuance of a termination notice. To the extent Plaintiff seeks to re-litigate this issue, they are precluded from

3

doing so. The judgment, however, left open the question of whether failure to process certain applications constituted an independent breach of contract. As there was no final judgment as to this issue, it is not precluded by the doctrine of collateral estoppel.

Plaintiff's claims based on an independent breach of contract by SLD for failure to process certain applications are, however, barred by the doctrine of res judicata. The doctrine of res judicata bars the same parties from re-litigating not only issues which were in fact raised and decided, but also other issues which *could* have been raised in the prior action. *Lee v. City of Peoria*, 685 F.2d 196, 198 (7th Cir. 1982). For the doctrine of res judicata to apply, three elements must exist: (1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits. *Barnett v. Stern,* 909 F.2d 973, 978 (7th Cir.1990); *D&K Properties Crystal Lake v. Mutual Life Insurance Company of New York*, 112 F.3d 257, 259 (7th Cir. 1997). Res judicata does not apply if the court in an earlier action expressly reserved litigant's right to bring claims in a later action. *D&K Properties*, 112 F.3d at 259-60.

Plaintiff filed the present case against ING, the parent company of SLD. With regard to LPI's claim that the JCA was breached, ING and SLD have a sufficiently close identity of interests. While ING was not a Defendant in the initial suit, ING wholly owned SLD and Plaintiff alleged that ING had control over SLD's major business decisions.

Second, the question of whether the JCA was breached is at the center of litigation of Plaintiff's prior and present causes of action. In both proceedings, Plaintiff alleged that SLD refused to process applications. Plaintiff, however, did not argue that this refusal was an independent breach of the JCA in its summary judgment pleadings in the prior proceeding. The court, noting LPI's failure to argue the existence of an independent breach of contract, issued a

final judgment on the merits as to whether SLD breached the JCA by terminating its relationship with LPI and closed the civil proceeding. The court did not expressly reserve LPI's right to bring an independent breach of contract claim in a later action, and Plaintiff cannot now make arguments it failed to make in the prior proceeding under the guise of a new case against SLD's parent company, ING. Plaintiff had the opportunity to make an argument about an independent breach of contract in the prior proceeding but chose not to do so. Plaintiff is now bound by this choice. To the extent that Plaintiff's claims are based on allegations of an independent breach of the JCA, this issue is precluded by the doctrine of res judicata from being raised in the present proceeding.

For the foregoing reasons, Defendant's motion to dismiss is granted in its entirety.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: May 21, 2014